IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TRAVIS GLASS,

      Plaintiff,

    v.                                                 No. 1:21-cv-00543 JCH/JHR

XTO ENERGY and
TOMMIE CRIDDLE, individually
and as agent of XTO ENERGY,

      Defendants.

## FIRST AMENDED COMPLAINT FOR DAMAGES (CAPTION ONLY)

Travis Glass, by and through his attorneys Valdez and White Law Firm, LLC, (Timothy L. White), files this First Amended Complaint solely to correct the caption of this matter as to "XTO ENERGY, INC. and TOMMIE CRIDDLE, individually and as agent of XTO ENERGY, INC." No other changes have been made.

1.    This is an action for damages arising from the unlawful discharge from his employment suffered by Plaintiff for exercising his rights under the New Mexico Human Rights Act.

2.    Jurisdiction and venue are proper in this court as all acts complained of occurred in New Mexico.

3.    Plaintiff is a resident of San Juan County, New Mexico.

4.      Defendant XTO Energy, Inc. is a foreign corporation doing business in New Mexico with a registered agent for service of process, CSC of Lea County, Inc., that may be served with process at 251 Little Forks Drive, Wilmington, Delaware 19808

4.      Defendant Tommie Criddle is on information and belief a resident of Colorado.

5.      Travis Glass was employed by TRC Construction (TRC) on a job on which TRC was a subcontractor for defendant XTO Energy, Inc., (XTO) prior to June 27, 2019.

6.      Travis suffers from diabetes and has a certified service dog, a small chihuahua, that alerts Travis if he has an impending medical problem coming due to his diabetes.

7.      On or about June 26, 2019 Travis was told by defendant Criddle, in his employment or work for XTO, that Travis could not have his service dog at work.

8.      Travis was told by a TRC foreman Jesse and/or another manager Juan that he was permitted to keep his service dog with him on that job.

9.      Defendant Criddle insisted that Travis could not stay on the job with his service dog.

10.     Travis tried to show Criddle the documentation of his need to keep his service dog with him, but Criddle refused to look at the documents and told Travis to get off the job.

11.     Travis then told Criddle he would have to seek legal advice, to which Criddle replied, "there's not a fucking thing you can do about it" and left.

12.     Travis then went to his supervisor who told him to finish his days' work since Criddle had not "thrown him off the job".

13. The next day, June 27, 2019, Jesse came to Travis at work and said, "you're not going to believe this, but XTO is making us take you off the job", due to an alleged safety violation.

14. Several weeks before this Travis had accidentally dropped some pipe as he was unloading it from a truck.

15. In all the time that passed between that accident and his termination, no one had disciplined Travis for this accident, which did not cause any damage to any property nor cause any injury.

16. Other employees on this job have accidently dropped pipe or been responsible for similar incidents without being disciplined much less terminated.

17. XTO and Criddle knew of the employment relationship between TRC and Travis at the time they compelled TRC to take him off the job.

## COUNT I: TORTIOUS INTERFERENCE WITH CONTRACT

18. Plaintiff incorporates by reference each of the facts set forth in the paragraphs above.

19. Defendants XTO and Criddle had knowledge of the employment contract between TRC and plaintiff.

20. These defendants' conduct described in this complaint caused the termination of Plaintiff's employment with TRC by means of the economic pressure arising from their contract for that job.

21. These defendants' conduct described above caused the termination of plaintiff's employment with TRC through deceit or misrepresentation that the accident with the dropped pipe was good cause to terminate plaintiff.

22. These defendants' conduct as described above was unlawful as it violated plaintiff's rights to be free of discrimination under the New Mexico Human Rights Act on the basis of his disability and needed accommodation of permitting his service dog to be at work with him.

23. This conduct was further unlawful retaliation as proscribed by the New Mexico Human Rights Act for Travis requesting the accommodation of being able to keep his service dog with him at work.

24. None of defendants' conduct was privileged or justified.

25. Defendants caused the termination through the improper means of advancing the pretextual reason of a "safety violation" as cause to terminate Travis.

26. Defendants caused the termination with the improper motive of discriminating and retaliating against Travis as described above in violation of his rights under the New Mexico Human Rights Act.

27. Plaintiff was damaged by the interference with and breach of his employment with TRC, and seeks all damages, compensatory and punitive, permitted by law.

## COUNT II: RETALIATORY DISCHARGE

28. Plaintiff incorporates by reference each of the facts set forth in the paragraphs above.

29. XTO has through counsel denied that they were Travis' employer.

30. If by operation of law or by contract between TRC and XTO, Travis should be found to be an employee of XTO, then defendants' conduct described in this complaint violates New Mexico public policy and statutory law, and constitutes retaliatory discharge. Travis' termination was in violation of New Mexico law and public policy protecting employee's rights to be free of disability discrimination as prohibited by New Mexico Human Rights Act, and to be free of retaliation for asserting his rights under that law and policy.

31. Travis was damaged by his termination, in the form of lost wages and emotional distress.

32. Defendants' conduct was knowingly wrongful, malicious and wanton. Plaintiff seeks all damages, compensatory and punitive, permitted by law.

For the reasons stated, Travis Glass requests that the court enter judgment on all relief sought above, for compensatory and punitive damages as allowed by law, for pre-judgment and post-judgment interest, costs and expenses of this lawsuit, and for such other relief to which the court finds him entitled.

>Respectfully submitted,
>
>Valdez and White Law Firm, LLC
>
>By: /s/ Timothy L. White
>Timothy L. White
>124 Wellesley Dr SE
>Albuquerque, NM 87106
>Telephone: (505) 345-0289
>Facsimile (505) 345-2573
>*Attorneys for Plaintiff*