# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

TRAVIS GLASS,

     Plaintiff,

v.                                        Case No. 1:21-cv-00543 JCH-JHR

XTO ENERGY, and TOMMIE CRIDDLE,
individually and as agent of XTO Energy,

     Defendants.

## DEFENDANT XTO ENERGY INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S SECOND MOTION TO AMEND COMPLAINT

Defendant XTO Energy Inc. ("XTO") opposes Plaintiff's Second Motion to Amend Complaint (Doc. 25, filed 6/23/22) ("Motion"). The good grounds for XTO's opposition to the Motion are detailed below.

First, the deadline for Plaintiff to amend his complaint passed on April 1, 2022. *See* the Order Setting Case Management Deadlines and Discovery Parameters (Doc. 18, filed 4/11/22). That deadline is also contained in the Joint Status Report and Provisional Discovery Plan (Doc. 14, filed 4/4/22), which Plaintiff explicitly approved. Plaintiff offers no valid reason why justice would be served by allowing him to further amend his complaint.[1]

Indeed, Plaintiff misrepresents the circumstances under which XTO supplied its sworn declaration confirming XTO never employed unserved defendant Tommie Criddle. Plaintiff implies XTO provided the declaration as part of its initial disclosures and it somehow contained "new" information, which is simply untrue. Since XTO filed its Answer to Plaintiff's Complaint

---

[1] The Motion simply ignores the deadline to amend or add parties, as if it does not exist and did not already expire.

on June 17, 2021 (Doc. 7), XTO has consistently stated it never employed Criddle. This information was reinforced when XTO served its initial disclosures on Plaintiff on April 11, 2022. *See* Certificate of Service (Doc. 15, filed 4/11/22). Despite this repeated and consistent disclosure that XTO is the wrong party, Plaintiff and his counsel refused to accept that XTO was not involved in Plaintiff's employment or the termination of that employment.[2]

Plaintiff's own lack of diligence in trying to discover the correct parties for his lawsuit is even more evident from the fact that he has not even bothered to serve Criddle with process in this case. Had he done so, he easily could have confirmed Criddle's actual employer. But he has not even taken that preliminary step, over a year after he filed his lawsuit.[3]

After yet another discussion between counsel and counsel for XTO again reiterating that XTO was the wrong party, on June 13, 2022, counsel for Plaintiff represented he would dismiss Plaintiff's allegations against XTO if XTO provided a sworn declaration that XTO did not employ Criddle. Counsel for Plaintiff went so far as to insist the declaration identify for whom Criddle worked.

On June 21, 2022, XTO provided the requested declaration of XTO's Human Resources Manager Rich Hagen to satisfy Plaintiff's stated requirements to dismiss XTO from this lawsuit.[4] Instead of dismissing XTO as promised, Plaintiff promptly reneged on his stipulation and

---

[2] Notably, Plaintiff admits he was an employee of TRC Construction, not an employee of XTO.  Complaint for Damages, filed 4.27.21, First Amended Complaint (Doc. 11, filed 10.1.21), ¶ 5. Despite this admission, Plaintiff intentionally chose not to name his actual employer in this lawsuit.

[3] Plaintiff also misrepresents he has answered discovery requests in this case.  Motion, p. 2. XTO served discovery on Plaintiff on April 16, but he has yet to respond to those requests.  Certificate of Service (Doc. 20, filed 4/18/22).

[4] A copy of Mr. Hagen's declaration is attached as Exhibit C.

appears to rely on the declaration to keep unrelated XTO in the case but add Criddle's actual employer in this lawsuit.[5]

## I.  Relevant Background

Plaintiff initiated this lawsuit over a year ago, on April 27, 2021. (Doc. 1-1, filed 6/11/21.) XTO removed Plaintiff's lawsuit to this Court on June 11, 2021. (Doc. 1, filed 6/11/21.) Plaintiff moved to amend his Complaint for the first time on September 28, 2021. (Doc. 9.) The only amendment made was, ostensibly, to correct XTO's name to XTO Energy Inc. *Id.* The Court granted Plaintiff's motion to amend and Plaintiff filed the First Amended Complaint on October 8, 2021. *See* Docs. 10, 11. XTO did not oppose this amendment, but noted that the amendment failed to cure that XTO continued to be incorrectly named in the caption of the lawsuit. (Doc. 12, filed 10/8/21.) Plaintiff has not served his complaint *or* his amended complaint on Defendant Criddle.

On April 16, 2022, XTO served its first set of discovery requests on Plaintiff. To date, Plaintiff has not responded to XTO's discovery requests—thereby waiving any and all objections to such requests. Plaintiff has not served any reciprocal discovery requests on XTO.

Leading up to the Court's June 22, 2022, settlement conference, XTO yet again informed Plaintiff that XTO never employed Criddle, and, accordingly, XTO played no part in Plaintiff's employment or his alleged termination. In response to this fact, of which Plaintiff had been made keenly aware for over a year, Plaintiff proposed postponing the settlement conference to "do some discovery or get disclosures" to answer the question of who, in fact, employed Criddle. *See* Ex. A. XTO stated it was prepared to go forward with the conference, but also noted it would

---

[5] Moreover, the proposed Second Amended Complaint continues to improperly name XTO Energy Inc. as "XTO Energy" in the caption even though XTO has repeatedly identified this error to Plaintiff.

comply with the preference of the Court with regard to rescheduling, which the Court did following a brief status conference on June 9, 2022. *See* Doc. 22.

Following this postponement, Plaintiff's counsel emailed XTO's counsel as follows:

> Charlotte, not asking you to prove a negative that Criddle didn't work for you, but in light of my client, his coworker and Criddle's linkedin page, can you send me anything that shows he did not work for you and/or worked for another company that had him on the jobsite? I need to nail this down asap in light of the applicable court deadlines and applicable SOL.
>
> Thank you
>
> Tim White
>
> **Everybody counts or nobody counts**
>
> Timothy L. White - Attorney
> Valdez & White Law Firm, LLC

Ex. B. In response, XTO's counsel emailed as follows:

> Good Afternoon Tim:
>
> We are willing to provide a declaration from XTO's HR department that states XTO never employed Criddle. Will that suffice? That may be the best we can do because, in fact, XTO never employed him. Also, XTO reached out to Criddle last week and asked him to remove the fabricated statement on his Linked In page that he was/is an employee of XTO, and he removed it immediately. Please advise.
>
> Best regards,
>
> Charlotte
>
> **Charlotte Lamont**
> Shareholder
> 505.944.9682 direct, 505.379.6057 mobile, 505.213.0415 fax
> CLamont@littler.com

Ex. B. Plaintiff's counsel responded:

> Charlotte
> Can XTO identify who his employer was then? Its their jobsite, and based on what my client and other TRC employees have said, if Cribble wasn't there as an XTO employee he has to be there for a subcontractor, he clearly acted as if he had authority to tell Travis to leave if he insisted on having his service dog, so he was acting as an agent whether he was an employee or not. But I not going to waste time and money suing XTO if they don't belong in this lawsuit, nor violate our ethical rules in that context. So if you can get me a sworn statement setting out the facts as XTO alleges, that should answer the question.
>
> **Everybody counts or nobody counts**
>
> Timothy L. White - Attorney
> Valdez & White Law Firm, LLC

Ex. B.

In reliance on Plaintiff's stipulation he would dismiss XTO if it did not belong in this lawsuit, "nor violate our ethical rules in that context," XTO provided the sworn statement from its Human Resources Manager setting out the facts, precisely as Plaintiff requested. XTO's Human Resources Manager Rich Hagen testified:

- XTO never employed a person named Tommie Criddle to work at a XTO work site in New Mexico, or anywhere else.
- Based on information and records available to XTO, in 2019 Tommie Criddle was employed by Integrity Inspection Services, an entity that provided pipeline inspection services to XTO.
- Tommie Criddle was never an agent of XTO and never acted as an XTO manager or supervisor.

*See* Ex. C.

The next communication XTO received from Plaintiff was not, as expected, an agreement to dismiss XTO from the suit. Instead, counsel for Plaintiff simply forwarded, without further comment on the Hagen declaration, the Motion. Without offering XTO sufficient time to address the Motion, Plaintiff simply filed the Motion later that afternoon.

## II.     Arguments and Authorities

### A.     Plaintiff's dilatory litigation strategy should not be rewarded with further permission to amend.

Federal Rule of Civil Procedure 15(a) allows a party to amend an initial pleading once as of right, but only for a limited period of time. Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "The grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006). The Court may properly deny leave to amend when it finds "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Id.* (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "If ... delay in amending results in prejudice to the opposing party, denial of the motion is justified." *Federal Ins. Co. v. Gates Learjet Corp.*, 823 F.2d 383, 387 (10th Cir. 1987); *Birmingham v. Experian Info. Solutions Inc.*, 633 F.3d 1006, 1020-21 (10th Cir. 2011). Likewise, "denial of leave to amend is appropriate when the party filing the motion has no adequate explanation for the delay." *Minter*, 451 F.3d at 1206.

Here, the Court should deny the Motion based on undue and unfairly prejudicial delay, as well as dilatory motive and futility. As noted above, Plaintiff initiated this lawsuit nearly fifteen months ago, but he has not even served Criddle with process, nor has he served affirmative discovery to XTO or responded to the discovery that XTO propounded on him nearly three months ago. He apparently sees no need to even respond to discovery requests – let alone request

an extension to respond to the discovery, perhaps assuming XTO would extend its good will to forgive the delay of the very person who sued XTO with no basis in law or fact. Moreover, Plaintiff has not served any discovery on XTO despite his statement that discovery would help him figure out who, exactly, he should sue. XTO even went so far as to voluntarily produce the sworn statement, as it did not appear any discovery requests were forthcoming from Plaintiff.

Plaintiff's failure to exercise diligence in this case has resulted even delay and expense for XTO. Plaintiff seeks to retain XTO as a named party in this matter in even after XTO produced testimony, as specifically requested by Plaintiff, proving it did not employ Criddle.

Plaintiff now seeks to amplify the delay and expense by keeping XTO in this lawsuit while belatedly adding another party with the hope that it is the correct defendant.[6] But Plaintiff's whack-a-mole approach to try to establish the proper defendant does not excuse the fact he should have been able to identify the proper defendant months ago, rather than dragging XTO along in this lawsuit where it does not belong. It certainly does not warrant allowing further amendment well over a year after Plaintiff first filed suit, particularly when Plaintiff explicitly agreed to dismiss XTO upon the receipt of a sworn statement confirming XTO's lack of involvement in this matter.

It is also untrue that "no other information on Mr. Criddle was forthcoming until XTO provided the declaration that he was an employee of their subcontractor." Motion, p. 3. XTO stated in its Answer to Plaintiff's First Amended Complaint (Doc. 12, filed 6/17/21) that XTO did not employ Criddle. XTO has not waivered in its position on this fact, and voluntarily affirmed this in a sworn statement, it never employed Criddle.

---

[6] Again, the deadline for Plaintiff to add a party passed on April 1, 2022.

XTO's Response in Opposition to Plaintiff's Second Motion to Amend Complaint

**B.     Rule of Professional Conduct 16 prohibits lawyers from bringing a proceeding when there is no basis in law or fact for doing so.**

The Court should also deny the Motion because Plaintiff continues to assert frivolous claims against XTO. As Plaintiff's counsel acknowledged:

> A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis in law and fact for doing so that is not frivolous, which includes a good faith argument for an extension, modification or reversal of existing law.

Rule 16-301 NMRA. Nonetheless, that is precisely what Plaintiff's counsel has done by seeking to continue to assert frivolous legal claims against XTO despite (1) representing to XTO s he would not pursue such claims if XTO provide a sworn statement regarding its lack of employment relationship with Criddle, which it did; and (2) having knowledge that XTO cannot be liable to Plaintiff under either of his legal theories because XTO had no employment relationship with Plaintiff.

### III.     Conclusion

For each of the foregoing reasons, the Court should deny the Motion and grant such other relief in favor of XTO as is just in the premises.

Respectfully submitted,

LITTLER MENDELSON, P.C.

*/s/ Charlotte Lamont*
Charlotte Lamont
clamont@littler.com
201 Third Street NW, Suite 500
Albuquerque, NM  87102
505.944.9682 (telephone)
505.213.0415 (facsimile)

Kelli Fuqua
kfuqua@littler.com
100 Congress Avenue, Suite 1400
Austin, TX  78701
512.982.7250 (telephone)
512.982.7248 (facsimile)

*Attorneys for Defendant XTO Energy Inc.*

I hereby certify that, on this 14th day of July, 2022, I filed the foregoing using CM/ECF, which caused service by electronic means on all counsel of record as follows:

Timothy L. White
VALDEZ AND WHITE LAW FIRM, LLC
124 Wellesley Dr. SE
Albuquerque, NM  87106
tim@valdezwhite.com

*/s/ Charlotte Lamont*
Charlotte Lamont