# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

TRAVIS GLASS,

      **Plaintiff,**

v.                                                                    **Case No. 1:21-cv-00543-JCH-JHR**

XTO ENERGY INC., and
TOMMIE CRIDDLE, individually
and as an agent of XTO Energy Inc.

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

Plaintiff Travis Glass, in *Plaintiff's Second Motion to Amend Complaint* (ECF No. 25), seeks the Court's leave to file a second amended complaint.[1] Federal Rule of Civil Procedure 15(a) instructs the Court to "freely give leave when justice so requires." Defendant XTO Energy Inc. ("XTO") contends that the Court should not grant leave because the amended complaint will create undue and unfairly prejudicial delay, stems from dilatory motive, and is futile. *See* Def.'s Resp. 6 (ECF No. 27). The Court disagrees and permits Mr. Glass to amend his complaint.

## I.     Background

XTO subcontracted with TRC Construction ("TRC") and Integrity Inspection Services, LLC ("IIS"). *See* Compl. for Damages ¶ 5 (ECF No. 1-1); Def.'s Ex. C, ¶ 4 (ECF No. 27-3). TRC employed Mr. Glass. *See* ECF No. 25, ¶ 7. Mr. Glass alleges that either XTO or IIS employed Mr. Criddle; XTO contends that IIS employed Mr. Criddle. *Compare* ECF No. 25, ¶ 9, *with* Answer

---

[1] Mr. Glass refers to this motion's amended complaint as the "Third Amended Complaint." *See* Mot. to Amend 6 (ECF No. 25). This is apparently a misnomer. Mr. Glass filed his original complaint in state court on April 27, 2021. *See* Compl. for Damages, at 2 (ECF No. 1-1). He then filed his first amended complaint on October 1, 2021. *See* First Am. Compl. (ECF No. 11). No other amended complaints were offered before this motion.

to First Am. Compl. ¶ 7 (ECF No. 12), *and* ECF No. 27-3, ¶¶ 3-4. The uncertainty of Mr. Criddle's employer explains Mr. Glass's desire to amend his complaint.

Mr. Glass alleges that Mr. Criddle told him that he could not bring his service dog—a small chihuahua—to work. *See* ECF No. 25, ¶¶ 8-9. According to Mr. Glass, their conversation became contentious: Mr. Criddle refused to look at the chihuahua's documentation and demanded Mr. Glass to leave the job. *See id.* ¶¶ 11-13. Despite Mr. Criddle's demand, Mr. Glass recounts that his TRC supervisor told him to keep working. *See id.* ¶ 14. But the next day, Mr. Glass recalls, the TRC foreman told Mr. Glass, "you're not going to believe this, but XTO is making us take you off the job." *See id.* ¶ 15.

Mr. Glass sued XTO and Mr. Criddle in New Mexico state court on April 27, 2021. *See* ECF No. 1-1, ¶¶ 3-4. He alleged, against both defendants, tortious interference with contract and retaliatory discharge. *See id.* ¶¶ 18-32. XTO removed the case to federal court, filing a notice of removal on June 11, 2021. *See* Notice of Removal (ECF No. 1). On September 28, 2021, Mr. Glass filed—and the Court then granted—an unopposed motion to amend his complaint to correct XTO's name. *See* Mot. to Amend Compl. 1 (ECF No. 9); Order (ECF No. 10).

A Rule 16 scheduling conference occurred on April 11, 2022. *See* Scheduling Order 1 (ECF No. 18); *see also* Fed. R. Civ. P. 16. The order from this conference recognized that Mr. Glass had until April 1, 2022, to amend pleadings or add parties.[2] *Id.* at 2. The order scheduled discovery to end on August 31, 2022.[3] *Id.*

---

[2] The scheduling order noted that Mr. Glass could amend his pleadings after this deadline only if he demonstrated good cause under Federal Rule of Civil Procedure 16(b) and only if he met the requirements to amend under Federal Rule of Civil Procedure 15(a). *See* ECF No. 18, at 2 n.1. For the reasons given in this memorandum opinion, Mr. Glass satisfies these rules.

[3] A subsequent scheduling order postponed the termination of discovery until January 2, 2023. *See* Scheduling Order 1 (ECF No. 35).

Then, in June 2022, Mr. Glass's counsel emailed XTO's counsel. Mr. Glass's counsel asked XTO's counsel to "send me anything that shows [Mr. Criddle] did not work for you and/or worked for another company that had him on the jobsite." Def.'s Ex. B, at 4 (ECF No. 27-2). XTO's counsel offered to provide a declaration that XTO never employed Mr. Criddle. *Id.* at 3.

Mr. Glass's counsel replied, "Can XTO identify who his employer was then?" *Id.* at 2. Mr. Glass's counsel followed this question with the assertion, "if [Mr. Criddle] wasn't there as an XTO employee he has to be there for a subcontractor, he clearly acted as if he had authority to tell [Mr. Glass] to leave if he insisted on having his service dog, so he was acting as an agent whether he was an employee or not." *Id.* Mr. Glass's counsel added, however, that he was "not going to waste time and money suing XTO if they don't belong in this lawsuit, nor violate our ethical rules in that context." *Id.* Mr. Glass's counsel concluded, "So if you can get me a sworn statement setting out the facts as XTO alleges, that should answer the question." *Id.*

XTO's counsel then sent Mr. Glass's counsel a sworn declaration from XTO's human resources department. *See* ECF No. 27-3, at 2. The declaration stated that XTO never employed Mr. Criddle. *Id.* And the declaration claimed that IIS—"an entity that provided certain pipeline inspection services to XTO"—employed Mr. Criddle. *Id.*

Mr. Glass next moved to amend his complaint, adding IIS as a defendant. *See* ECF No. 25, ¶ 6. Rather than drop the allegations against XTO, Mr. Glass alleges harms by both XTO and IIS. *See, e.g.*, *id.* ¶ 20 ("Defendant XTO and Defendant Integrity either employed Criddle, or he acted as their agent when he forced TRC to terminate Travis, exercising control of his employment by refusing to permit him to work on the jobsite with his service dog."). XTO opposes the amended complaint. *See* ECF No. 27.

## II.     Analysis

Federal Rule of Civil Procedure 15(a) allows a party to "amend its pleading once as a matter of course." Fed. R. Civ. P. 15(a)(1). For other amendments, the Rule is permissive: "[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." *Id.* "[T]he grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (alteration in original) (quoting *Zenith Radio Corp. v. Hazeltine Rsch. Co.*, 401 U.S. 321, 330 (1971)). And the Rule's purpose guides the Court's discretion: "to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'" *Id.* (quoting *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)).

Despite the permissive standard, some situations counsel for denying a motion to amend. A court should deny a motion to amend in cases of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Id.*; *see generally* 6 Mary Kay Kane, *Federal Practice and Procedure (Wright & Miller)* § 1487, Westlaw (database updated Apr. 2022). XTO requests that the Court deny Mr. Glass's motion to amend due to "undue and unfairly prejudicial delay, as well as dilatory motive, and futility." ECF No. 27, at 6.

### A.     Undue and Unfairly Prejudicial Delay

In the Tenth Circuit, delay becomes "undue" when "the party filing the motion has no adequate explanation for the delay." *Minter*, 451 F.3d at 1206 (quoting *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365-66 (10th Cir. 1993)). The *Minter* Court elaborated that a court should deny a

motion to amend when a plaintiff seeks "to make the complaint 'a moving target,' to 'salvage a lost case by untimely suggestion of new theories of recovery,' to present 'theories seriatim' in an effort to avoid dismissal, or to 'knowingly delay[ ] raising [an] issue until the 'eve of trial.'" (alterations in original) (first quoting *Viernow v. Euripides Dev. Corp.*, 157 F.3d 785, 800 (10th Cir. 1998); then quoting *Hayes v. Whitman*, 264 F.3d 1017, 1027 (10th Cir. 2001); then quoting *Pallottino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir. 1994); and then quoting *Walters v. Monarch Life Ins. Co.*, 57 F.3d 899, 903 (10th Cir. 1995)).

Mr. Glass adequately explains his delay. He did not know that IIS employed Mr. Criddle until June 21, 2022. *See* ECF No. 27-3; ECF No. 25, at 1. After learning that IIS employed Mr. Criddle, Mr. Glass moved to amend his complaint in just two days. *See* ECF No. 25, at 1. This case is thus distinguishable from others in which the Tenth Circuit affirmed the denial of a motion to amend. *Cf. Pallottino*, 31 F.3d at 1023 ("The proposed amendment was not based on new evidence unavailable at the time of the original filing. Instead, it proposed a theory that Mr. Pallottino did not choose to advance until after his primary theory had been dismissed.").

Nor are any indicia of undue delay present. For example, Mr. Criddle does not seek to make the complaint a moving target or salvage a lost case by presenting a new theory of recovery. To the contrary, Mr. Criddle has been consistent in his two claims—tortious interference with contract and retaliatory discharge—throughout this litigation. *Cf. Viernow*, 157 F.3d at 800 (affirming refusal of leave to amend complaint when plaintiff proposed new theory of recovery after trial judge orally granted summary judgment). Mr. Criddle filed his proposed amended complaint before receiving an adverse decision from this Court. *Cf. Hayes*, 264 F.3d at 1026 (affirming denial of leave to amend where plaintiffs sought to amend "[o]nly after the magistrate judge recommended ruling against them on their citizen-suit claim"). And discovery was ongoing

when Mr. Glass moved to amend his complaint; in fact, discovery remains ongoing. *See Minter*, 451 F.3d at 1206-07 (holding no undue delay when plaintiff learned of new information and filed an amendment *one week after the close of discovery*). In sum, the Court holds that Mr. Glass's motion comes without undue delay.

**B.      Dilatory Motive**

Most of XTO's contentions boil down to the possibility that Mr. Glass could have learned that IIS employed Mr. Criddle sooner if Mr. Glass was more diligent in his discovery strategy. That may be so. But XTO does not cite a case in which a court denied leave to amend—while discovery remained ongoing—only because a plaintiff could have been more proactive during discovery. Given Mr. Glass's prompt filing of this motion after learning that IIS employed Mr. Criddle, the Court declines to reject Mr. Glass's motion for dilatory motive.

XTO's brief suggests two other reasons why Mr. Glass acted with dilatory motive. First, XTO alleges that Mr. Glass missed discovery deadlines. *See* ECF No. 27, at 7. Second, XTO contends that Mr. Glass violated the New Mexico Rules of Professional Conduct. *See id.* at 8 (citing N.M.R.A. 16-301).

Even if Mr. Glass missed discovery deadlines, his tardiness would not compel denial of his motion. Such a denial would undermine the purpose of Rule 15(a): "to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'" *Minter*, 451 F.3d at 1204 (quoting *Hardin*, 691 F.2d at 456). The Court need not diminish its opportunity to decide this case on the merits when more tailored remedies—such as Rule 37 motions—exist for alleged discovery abuses. *See* Fed. R. Civ. P. 37.

A similar analysis applies to the alleged violations of the New Mexico Rules of Professional Conduct. Even if Mr. Glass violated the New Mexico Rules, the fact of the violation

(as opposed to the substance of the violation) would not compel denial of the motion to amend. In other words—assuming that Mr. Glass violated the New Mexico Rules by filing frivolous claims—the Court could dismiss Mr. Glass's claims because they were frivolous. But denying the motion to amend based on the alleged rule infraction itself would undermine the purpose of Rule 15(a). The Court need not diminish its opportunity to reach the merits when the New Mexico Rules provide their own remedies. *See* N.M.R.A. 17-206. And, as discussed below, XTO's allegations of frivolity (or futility) are misplaced here.

At bottom, XTO has not proven that Mr. Glass acted with dilatory motive. The Court will not deny his motion for that reason.

**C.      Futility**

XTO's last argument is that the proposed amendments are futile. The Court understands XTO to argue futility for two reasons. First, claims XTO, Mr. Glass guaranteed that he would drop XTO from the lawsuit if XTO provided a declaration that someone else employed Mr. Criddle. Second, according to XTO, XTO cannot be liable to Mr. Glass under his claims because XTO had no employment relationship with Mr. Glass. *See* ECF No. 27, at 8.

These arguments are misplaced. If the Court grants Mr. Glass's motion, then Mr. Criddle, XTO, IIS will be defendants for the two claims in the proposed second amended complaint. If the Court denies Mr. Glass's motion, then the litigation will continue with the current first amended complaint. And this complaint names Mr. Criddle and XTO as defendants for the two claims.

Said otherwise, the only material difference between the proposed complaint and the current complaint is the addition of IIS. But XTO's futility arguments address Mr. Glass's claims *against XTO*. XTO has not proven or even contended that the actual amendments—that is, the claims against IIS—are futile. The Court dismisses XTO's futility arguments without prejudice.

III.    **Conclusion**

XTO's three reasons for rejecting Mr. Glass's second amended complaint—undue and unfairly prejudicial delay, dilatory motive, and futility—fall short. The Court gives Mr. Glass leave to file the second amended complaint.

**IT IS THEREFORE ORDERED** that *Plaintiff's Second Motion to Amend Complaint* (**ECF No. 25**) is **GRANTED**. The *Plaintiff's Third Amended Complaint for Damages* is to be retitled as *Plaintiff's Second Amended Complaint for Damages* and filed on the docket within 5 working days of the entry of this Order.

_____
SENIOR UNITED STATES DISTRICT JUDGE