# EXHIBIT E

| | |
|---|---|
| **From:** | Tim White |
| **To:** | Lamont, Charlotte |
| **Cc:** | Fuqua, Kelli; Guillory, Marlo; Mendoza, Sandra |
| **Subject:** | RE: XTO/Glass Discovery Responses |
| **Date:** | Wednesday, November 9, 2022 11:55:35 AM |
| **Attachments:** | image001.png |
| | image002.png |
| | release page 1.pdf |
| | release page 2.pdf |

Medical release attached, getting the rest out to you shortly

**Everybody counts or nobody counts**

Timothy L. White - Attorney
Valdez & White Law Firm, LLC

Trying lawsuits for people, not corporations
Practice areas limited to:
Employment discrimination and harassment
Retaliatory discharge
Civil rights
Severe personal injury claims

www.valdezwhite.com
124 Wellesley Drive SE
Albuquerque, NM 87106
Tel: (505) 345-0289
Fax: (505) 345-2573

**From:** Lamont, Charlotte <CLamont@littler.com>
**Sent:** Tuesday, November 8, 2022 11:45 AM
**To:** Tim White <tim@valdezwhite.com>
**Cc:** Fuqua, Kelli <KFuqua@littler.com>; Guillory, Marlo <MGuillory@littler.com>; Mendoza, Sandra <SMendoza@littler.com>
**Subject:** [External] XTO/Glass Discovery Responses

Hi Tim,

We did not receive plaintiff's discovery responses last week as promised.  As a result, we will file a motion to compel those responses.

Best,

Charlotte

**Charlotte Lamont**
Shareholder
505.944.9682 direct, 505.379.6057 mobile, 505.213.0415 fax

CLamont@littler.com

Pronouns: She/Her



Fueled by ingenuity. Inspired by you.

Labor & Employment Law Solutions | Local Everywhere
201 Third Street NW, Suite 500, Albuquerque, NM 87102

--------------------------

This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities. Please visit www.littler.com for more information.

This email has been scanned for spam and viruses. Click here to report this email as spam.

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

TRAVIS GLASS,

     Plaintiff,

v.                                     Case No. 1:21-cv-00543 JCH-JHR

XTO ENERGY, and TOMMIE CRIDDLE,
individually and as agent of XTO Energy,

     Defendants.

**PLAINTIFF'S ANSWERS AND RESPONSES TO DEFENDANT'S FIRST DISCOVERY
REQUESTS**

Plaintiff Travis Glass answers these Interrogatories and Requests for Production as follows:

**INTERROGATORIES**

**INTERROGATORY NO. 1:**

Describe all employers, including yourself, for whom you have worked or otherwise performed services of any kind from January 1, 2014, until the time of trial. Please include:

    a.    the name and address of each employer;
    b.    the dates you were employed by such employers;
    c.    your job title or positions with such employers;
    d.    all earnings, compensation and/or other benefits you received during such
           employment; and
    e.    the reasons for your separation from the employment, if any.

**ANSWER:**

**I don't remember the names of employers before 2019.**

    **1.**
        **a.  Robinson Brothers Construction, Inc.-address unknown**
        **b.  September/October 2019**
        **c.  Heavy Equipment Operator**
        **d.  Don't remember**
        **e.  Laid off, no work**

**2.**
    **a. W & W Energy Services-Odessa, TX**
    **b. January through March 2022**
    **c. Heavy Equipment Operator**
    **d. Don't remember**
    **e. Laid off, no work**

**3.**
    **a. Arguijo Oilfield Services-Odessa, TX**
    **b. April 2022 to present**
    **c. Heavy Equipment Operator**
    **d. Unknown**
    **e. Still working**

## INTERROGATORY NO. 2:

If you allege XTO was your employer, describe the legal and factual basis for such allegation.

**ANSWER:**

**N/A**

## INTERROGATORY NO. 3:

Describe all types of damages of any kind or character, including back pay, front pay, employment opportunities, lost income, loss of earning capacity, mental anguish, emotional pain and suffering, inconvenience, loss of enjoyment of life, and attorneys' fees and costs, for which you seek compensation from XTO in this Lawsuit, including, with respect to each, the following:

    a.    the type of damage or injury alleged;
    b.    the amount of recovery sought for any specific type of damage or injury alleged; and
    c.    the method by which each amount of damages was calculated.

**ANSWER:**

**The damages sustained are the financial loss incurred from being taken off the XTO job and emotional distress from knowing that it was illegal to run me off that job and put a termination on my work record. The amounts of those damages will be determined by the jury guided by the evidence in this case and my attorney specifically as to the emotional distress. Losing the XTO job cost me approximately $ 3,806 per week for the time the job had left which I am told was about six months. Total loss for that time period would be**

**$91,344 calculated at $26 per hour for 40 hours per week, $39 per hour overtime for 44 hours per week and $150 per day for per diem and truck rental.**

## INTERROGATORY NO. 4:

Provide the identity, including current address and phone numbers of all persons who have knowledge, information, or documents relevant to any issue regarding this Lawsuit, and state with particularity the substance of any knowledge or information possessed by each individual identified.

**ANSWER:**

    a.  Travis Glass – Plaintiff  (505) 320-3555
    b.  Evan Glass – Plaintiff's spouse (505) 320-3895
    c.  Albert Glass – Plaintiff's son (505) 635-2217
    d.  Darlene Glass – Plaintiff's mom (661) 703-3758
    e.  Connie Glass – Plaintiff's dad  (661) 703-3758
    f.  Linda Glass – Plaintiff's aunt (661) 747-9545
    g.  Gilbert Carter – TRC Construction (505) 334-8229
    h.  Tommie Criddle – Defendant XTO Energy Inc./Integrity Inspection Services (662) 312-8336
    i.  Jessie – TRC Construction current contact information unknown.
    j.  Juan – TRC Construction current contact information unknown.
    k.  Danny Wade – friend and boss (205) 299-6202
    l.  Todd Vines – friend and safety man (318) 278-4733
    m.  Eric Armijo – Friend  (254) 449-2318
    n.  Ricky Trulock – Friend and boss (903) 450-5649
    o.  Becky Trulock – Friend and co-worker (432) 803-0841
    p.  Pablo –boss (575) 263-4893
    q.  Tom Parks – Friend (505) 258-0183
    r.  Roger – Friend (970) 299-7270
    s.  Chris Lindley – Friend, boss, and co-worker (970) 361-4131
    t.  Craig Hunter – Friend (303) 514-7810
    u.  Danny Ritter – Friend & co-worker (505) 215-0762
    v.  Tara Ritter – Friend (505) 215-0763
    w.  Rick Heath – Friend (505) 325-1635
    x.  Danny Shuford –Friend & co-worker (661) 808-1060
    y.  Jerome Yaklin – Friend (361) 675-0386
    z.  Buddy Johns – Friend (505) 419-4723
    aa. Erica Tindall – Friend & co-worker (601) 209-4221
    bb. Gage Corbitt –Friend & co-worker (985) 688-0114
    cc. Ricky Businelle – Friend & co-worker (337) 241-2626
    dd. Terry Maggard – Safety man for TRC he will testify that I had no safety violations (865) 318-8838
    ee. Marty Alexander – Friend, co-worker, & safety man (505) 860-4373

**INTERROGATORY NO. 5:**

Identify all current and former employees of XTO or TRC Construction with whom you, or any individual acting on your behalf, have communicated regarding your allegations in this Lawsuit, including, but not limited to: (a) what was stated by each person involved in the communications; (b) whether you transcribed any statements relating to such communications; and (c) every document you gave to or received from any current or former employee identified above.

**ANSWER:**

**I talked with the head safety man with TRC, Jesse with TRC, and BB Carter with TRC. Jesse told me to talk to the head safety man, The head safety man told me to keep the dog on site, if XTO wanted the dog off site they would have to run us off. I notified BB Carter that I contacted an attorney and would be going from there. He was concerned that he would lose XTO's work over that.**
**Tommie Criddle the inspector for XTO, he told me that I could not have a dog on XTO property. I told him she was a registered service dog for my diabetes, I tried to show him her certifications, he said he did not want to see them because it did not matter. Tommie Criddle said that I had to get the dog off the property or we both had to leave. I then told him that he might want to talk to his boss because if I went down that road I would sue both XTO and Tommie. Tommie then told me "there wasn't a fucking thing I could do to him or XTO". I told him "famous last words", I would see him in court and he drove off. I felt that everything was left in limbo. The next day about noon Jesse came to me and said that he was to escort me off the property. when I asked Jesse for what, Jesse stated that XTO said it was a safety violation. But XTO would not tell him what the safety violation was. Jesse stated to me that this was BS, we both knew that it was over the dog, and that was why they were running me off.**

**INTERROGATORY NO. 6:**

Describe fully and specifically all efforts you have made to seek employment or income from the date you were "take[n] . . . off the job" by TRC and/or XTO as described in the Complaint until the time of trial. Include in your answer the following:

    a.      the date(s) of each application;
    b.      the job or business relationship sought;
    c.      the result(s) of each such application and the reason for the result (e.g., no job was offered; a job was offered but you declined it, specifying the reason for declining);

d.      the amount and nature of compensation and benefits of any job or business relationship offered (e.g., whether such compensation was based on an hourly or salary pay schedule, commission structure or other basis); and

e.      the name(s) of any person(s) who interviewed you in connection with such prospective employment or business relationship.

**ANSWER:**

**1.**
    **a. Unlimited Construction-Carlsbad NM**
    **b. I don't remember**
    **c. Heavy Equipment Operator**
    **d. I don't remember**
    **e. I don't remember**
    **f. I was hired and work for about one month until the job was finished.  Then I was laid off.**

**Also see Answer to Interrogatory No. 1.**

## INTERROGATORY NO. 7:

Identify all complaints of alleged wrongful termination or other alleged violations of the law you have ever made, either orally or in writing, formally or informally, under any state or federal law, with respect to any current or past employers. Your answer to this interrogatory should include the nature of the complaint (e.g., wrongful termination, disability discrimination, etc.), the date of the complaint, the employer that was the subject of the complaint, and a brief description of how the complaint was resolved, if applicable.

**ANSWER:**

    **a. OSHA complaint for unsafe working conditions**
    **b. October 2021**
    **c. Robinson Brothers' Construction**
    **d. Pending**

## INTERROGATORY NO. 8:

Identify each and every criminal offense of which you have been convicted, entered a plea of guilty or *nolo contendere*, and/or received a deferred adjudication or probation before judgment in the last ten years. Please include:

a.      the style, case number and court;

b.      the legal counsel involved;

c.      the original offense(s) charged;

5

d.      the offense of which you were convicted, entered a plea of guilty or *nolo contendere* and/or received a deferred adjudication or probation before judgment; and

e.      the sentence imposed.

**ANSWER:**

1.
   a.  **M-43-FR-2019-00129-Espanola Magistrate Court**
   b.  **Thomas M. Clark, Public Defender**
   c.  **Misdemeanor Assault**
   d.  **Guilty**
   e.  **Six months supervised probation, deferred.  All conditions met as of 6/12/2020.**

## INTERROGATORY NO. 9:

Identify any and all legal proceedings, including without limitation, bankruptcy proceedings and administrative proceedings before any federal or state agency, in which you have been a party and/or have given sworn testimony (e.g., through oral testimony, deposition, or by affidavit) in the last ten years. Please include:

a.      the style, case number and court;

b.      the legal counsel involved; and

c.      the type of action pursued (e.g., bankruptcy, divorce, breach of contract, etc.).

**ANSWER:**

1.
   a.  **D-1116-CV-2015-00454**
   b.  **I was pro se, Plaintiff's counsel was Kelley Leigh Thurston**
   c.  **Foreclosure, Dismissed**

## INTERROGATORY NO. 10:

Please fully identify all income or earnings received by you from the date you were "take[n] . . . off the job" by TRC and/or XTO as described in the Complaint until the time of trial, including the source and amount of such income or earnings. Income or earnings, as used in this interrogatory includes, but is not limited to, any wages, salary, pension payments, disability income, insurance proceeds, inheritances, and workers' compensation or unemployment compensation from any agency, company, person, corporation or municipal, county, state or federal government.

**ANSWER:**

**I cant answer this fully from memory but the earnings I have made since being made to leave the job in question are part of the answer to interrogatory no. 3.**

## INTERROGATORY NO. 11:

Please identify all physicians, therapists, counselors, psychiatrists, psychologists or other health care providers with whom you have sought treatment or counseling in the past five years before the occurrence described in the Complaint and continuing to the present, and, with respect to each, identify the person named, their business address, telephone number, the date(s) of treatment(s), and reason for treatment.

**ANSWER:**
**Tara Smith, diabetes counselor/CNP, San Juan Regional Medical Center, 801 W. Maple St. Farmington, NM 87401**

## INTERROGATORY NO. 12:

Please state the name, address, and telephone number of any experts used for consultation, or who are not expected to be called as a witness at trial, if their opinions, impressions, or work product have been reviewed by an expert who is to testify in this Lawsuit and identify the testifying experts who have reviewed the consulting experts' work product.

**ANSWER:**

**Not applicable.**

## INTERROGATORY NO. 13:

Identify each and every individual you may call as a witness at any trial in this case.

**ANSWER:**

**These witnesses have not yet been identified but may include any person named in answer to Interrogatory No. 4.**

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

Any and all documents and electronically stored information identified or referred to in your answers to Defendant XTO's First Set of Interrogatories.

**RESPONSE:**

**See VW000001 – VW000002, an ADA Badge certifying my service dog.**

### REQUEST FOR PRODUCTION NO. 2:

Any and all documents that describe, support, or in any way relate to any of your claims, allegations, defenses, or damages in this Lawsuit. This request includes all recordings, transcripts, or notes of conversations which pertain to this Lawsuit (excluding documents protected from disclosure by the attorney-client or work product privileges that should be identified in a privilege log).

**RESPONSE:**

**See VW000001 – VW000002.**

### REQUEST FOR PRODUCTION NO. 3:

Any and all documents sent by you to, or received by you from, potential employers, since June 1, 2019, including but not limited to:

a.      cover letters;
b.      resumes;
c.      job applications;
d.      newspaper advertisements;
e.      offers of employment; and
f.      rejections of employment.

**RESPONSE:**

**None in my possession.**

### REQUEST FOR PRODUCTION NO. 4:

Any and all documents that reflect or evidence any or all income you have earned since June 1, 2019, including, but not limited to:

    a.     any pension payments;
    b.     disability income;
    c.     insurance proceeds;
    d.     state or federal public assistance;
    e.     inheritances; and
    f.     workers' compensation or unemployment compensation from any agency, company, person, corporation or municipal, county, state or federal government.

**RESPONSE:**

    **None in my possession.**

**REQUEST FOR PRODUCTION NO. 5:**

Any and all documents that reflect jobs you have held since January 1, 2016, including, but not limited to, documents that show:

    a.     the identity of each company for whom you have worked;
    b.     where you have worked;
    c.     all job duties you have had;
    d.     all compensation and benefits you have received and/or been eligible to receive;
    e.     all persons to whom you directly reported; and
    f.     each and every reason why you left any employer.

**RESPONSE**:

    **None in my possession.**

**REQUEST FOR PRODUCTION NO. 6:**

Any written statements or paycheck stubs from all companies or persons with whom you have been employed since June 1, 2019, reflecting income you earned from those companies or persons.

**RESPONSE:**

    **None in my possession**.

**REQUEST FOR PRODUCTION NO. 7:**

Any and all written calculations of the amount of damages you allege you are owed in your Complaint, including all damages specified in your response to Interrogatory No. 3.

**RESPONSE:**

> **Not applicable.**

**REQUEST FOR PRODUCTION NO. 8:**

Your state and federal tax returns and documentation for the years 2016 to present and through the date of trial.

**RESPONSE:**

> **Not in my possession but I will provide a release for you to get these documents from the IRS.**

**REQUEST FOR PRODUCTION NO. 9:**

Any documents reflecting alleged damages arising out of lost benefits, if any, to which you claim you are entitled to be awarded in this Lawsuit.

**RESPONSE:**

> **None in my possession.**

**REQUEST FOR PRODUCTION NO. 10:**

Any documents or electronically stored information that form the basis and calculations of any other claims of damages alleged by you, including but not limited to garden variety mental anguish, emotional pain and suffering, inconvenience, loss of enjoyment of life, and other nonpecuniary losses.

**RESPONSE:**

> **None in my possession.**

**REQUEST FOR PRODUCTION NO. 11:**

Any attorney fee and/or contingency fee agreements with your current counsel.

**RESPONSE:**

**Objection to producing attorney-client privileged or attorney work product materials**.

## REQUEST FOR PRODUCTION NO. 12:

Any and all business or personnel documents and/or files retained, received, or taken by you from XTO, including but not limited to pay stubs, job offers, performance evaluations, handbooks, policies, electronic mail, memos, correspondence, check stubs, or letters of commendation and/or reprimand relating either to you or to any other current or former employee or contractor of XTO; and any documents taken or copied from your personnel file or the personnel file of any current or former employee or contractor of XTO.

**RESPONSE:**

**None in my possession.**

## REQUEST FOR PRODUCTION NO. 13:

Any statement, including stenographic, mechanical, electrical, or other recordings of oral statements, or transcripts thereof, made by any current or former officer, agent, director, servant or employee of XTO pertaining to any facts you have alleged in the Lawsuit.

**RESPONSE:**

**None in my possession.**

## REQUEST FOR PRODUCTION NO. 14:

Each and every document, claim, or filing you have submitted to or received from any federal, state, county, or municipal entity, agency, or authority regarding your allegations in this Lawsuit.  Your response to this request should include all documents you have submitted to or received from the Equal Employment Opportunity Commission, the New Mexico Department of Workforce Solutions, the Social Security Administration (including disability), any workers' compensation agency or insurance carrier, and the United States Department of Labor, or the United States Government concerning matters related to your Lawsuit, including but not limited to the following:

    a.     statements and notes taken by you or by any such entity, agency or authority;
    b.     documents and/or written statements that have been filed by you, or on your behalf, with any such entity, agency or authority; and
    c.     any tape recordings of proceedings before any such entity, agency, or authority that have been attended by you or anyone acting on your behalf.

**RESPONSE:**

      **Not applicable.**

**REQUEST FOR PRODUCTION NO. 15:**

      Any and all documents in your possession, custody, or control that relate to or evidence any written, oral, online, e-mail, or internet communications (or other computer or electronic communications) regarding the facts that you allege in this Lawsuit or the legal claims you are asserting against XTO between any current or former employees or contractors of XTO or TRC, including yourself, from June 1, 2019, through the date of trial. Your response to this request should include without limitation:

      a.      any and all letters, correspondence, e-mails, text messages, or Instant Messages (IMs) you have sent to or received from any current or former employee or applicant of Defendants regarding the allegations in the Lawsuit; and

      b.      any and all messages, status updates, or tweets sent to or from, or posted on, any blog, e-mail account, Facebook account, MySpace account, LinkedIn account, Twitter account, or any other social networking site.

**RESPONSE:**

      **None in my possession.**

**REQUEST FOR PRODUCTION NO. 16:**

      Any and all non-privileged notes or documents created by you related to any communication with any federal, state, county, or municipal entity, agency or authority, including but not limited to the Equal Employment Opportunity Commission, the New Mexico Department of Workforce Solutions, the Social Security Administration (including disability), any workers' compensation agency or insurance carrier, the United States Department of Labor, the United States Government, and/or any employee or agent thereof, concerning matters related to this Lawsuit.

**RESPONSE:**

      **None in my possession.**

**REQUEST FOR PRODUCTION NO. 17:**

      Any and all documents relating to any arrest and conviction of you for any crime at any time from the last ten years.

**RESPONSE:**

**None in my possession**.

## REQUEST FOR PRODUCTION NO. 18:

Any and all documents that, in whole or in part, evidence or support your allegation that XTO unlawfully discriminated against you because of your handicap.

**RESPONSE:**

**See VW000001 – VW000002**

## REQUEST FOR PRODUCTION NO. 19:

Any and all documents that, in whole or in part, describe, relate to, or evidence your employment by TRC.

**RESPONSE:**

**None in my possession**.

## REQUEST FOR PRODUCTION NO. 19:

Any and all documents that, in whole or in part, evidence or support your allegation that XTO caused the termination of your employment with TRC "by means of the economic pressure arising from their contract for that job" as described in the Complaint.

**RESPONSE:**

**None in my possession.**

## REQUEST FOR PRODUCTION NO. 20:

Any and all documents that, in whole or in part, evidence or support your allegation that XTO caused the termination of your employment with TRC "through deceit or misrepresentation that the accident with the dropped pipe was good cause to terminate" you as described in the Complaint.

**RESPONSE:**

      **None in my possession.**

**REQUEST FOR PRODUCTION NO. 21:**

      Any and all documents that, in whole or in part, evidence or support your allegation that XTO discriminated against you on the basis of your disability and needed accommodation of permitting your service dog to be at work with you as described in the Complaint.

**RESPONSE:**

      **See VW000001 – VW000002**

**REQUEST FOR PRODUCTION NO. 22:**

      Any and all documents that, in whole or in part, describe, relate to, or evidence your disability as described in the Complaint.

**RESPONSE:**

      **See VW000001 – VW000002**

**REQUEST FOR PRODUCTION NO. 23:**

      Any and all documents that, in whole or in part, describe, relate to, or evidence your need for a service dog as described in the Complaint.

**RESPONSE:**

      **See VW000001 – VW000002**

**REQUEST FOR PRODUCTION NO. 24:**

      Any and all documents that, in whole or in part, evidence or support your allegation you sought an accommodation of being able to keep your service dog with you at work as alleged in the Complaint, including any documents you submitted in support of such request.

**RESPONSE:**

      **See ADA certificates for my service dog that were offered to Tommy Criddle.**

**REQUEST FOR PRODUCTION NO. 25:**

Any and all documents that, in whole or in part, relate to when you "accidentally dropped some pipe as [you were] unloading it from a truck" as described in the Complaint.

**RESPONSE:**

> **None in my possession.**

**REQUEST FOR PRODUCTION NO. 26:**

Any and all documents that, in whole or in part, support your allegation that "[o]ther employees on this job have accidently dropped pipe or been responsible for similar incidents without being disciplined much less terminated."

**RESPONSE:**

> **None in my possession.**

**REQUEST FOR PRODUCTION NO. 29:**

Any and all documents that allegedly demonstrate XTO was your employer at any time.

**RESPONSE:**

> **None in my possession.**

**REQUEST FOR PRODUCTION NO. 30:**

Any and all paychecks, paystubs, or other documents you received from XTO or TRC or related to income you received from XTO or TRC at any time.

**RESPONSE:**

> **None in my possession.**

**REQUEST FOR PRODUCTION NO. 31:**

Any and all documents evidencing the nature of your working relationship with XTO and TRC.

**RESPONSE:**

    **None in my possession**.

## REQUEST FOR PRODUCTION NO. 32:

    All billing memoranda, time slips, and other similar records showing fees and expenses charged to you by your attorneys in connection with this case, or for which you seek reimbursement in this Lawsuit, including, but not limited to, all records containing the following documents or information:

        a.     fee agreements or retainer agreements;
        b.     hours worked;
        c.     hourly billing rate;
        d.     expenses and fees incurred;
        e.     payments or other credits towards fees and expenses; and
        f.     fees or expenses to or for experts.

**RESPONSE:**

    **Objection to producing attorney-client privileged or attorney work product information.**

## REQUEST FOR PRODUCTION NO. 33:

    If you are seeking damages for mental trauma or anguish or for other mental or physical injury, all medical records and bills reflecting the injuries or damages asserted, including, without limitation, all records and bills which contain the following information or documents:

        a.     illnesses;
        b.     treatments;
        c.     prescriptions;
        d.     hospitalizations;
        e.     medical appointments;
        f.     medical examinations;
        g.     identity of treating or examining physician, surgeon, psychiatrist, psychologist, psychoanalyst, chiropractor, or other health care practitioner;
        h.     injuries;
        i.     therapy;
        j.     tests or analyses;
        k.     diagnoses;
        l.     prognoses;

      m.     confinements;
      n.     consultations;
      o.     findings; and
      p.     medical history.

**RESPONSE:**

      **Not applicable.**

**REQUEST FOR PRODUCTION NO. 34:**

      Any and all documents in your possession, custody or control referring or relating to the medical care and/or treatment you received from any hospitals, physicians, surgeons, therapists (physical or otherwise) psychiatrists, psychologists, or other mental or physical health care professionals or clergy, social workers, marriage or family counselors during the time period January 1, 2016, to the present.  For each of the medical professionals from whom you produce documents responsive to this document request, please execute a separate Medical and/or Psychological Records Release Authorization in the form required by D.N.M.LR-Civ. 26.3 (local forms 1 and 2).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 35:**

      Any and all documents that relate to any benefits received from any employer with whom you have been employed since January 1, 2016, including, but not limited to, life, health, vision, and dental insurance, disability benefits, workers' compensation, stock options, 401(k) plans, pension plans, profit sharing plans, and any other retirement plans or benefits.

**RESPONSE:**

      **Not applicable.**

**REQUEST FOR PRODUCTION NO. 36:**

      Any documents that reflect out of pocket expenses you incurred, if any, after the end of your employment in June 2019 as detailed in your Complaint. This includes any documents showing payments for replacement benefits as well as documents showing payments for care, products, or services that would have been covered by XTO's benefits if you allege you were entitled to such benefits.

**RESPONSE**:

**None in my possession.**

## REQUEST FOR PRODUCTION NO. 37:

Produce any and all social media posts, messages, status updates, or tweets sent to or from, or posted on, any Facebook account, Instagram Account, Twitter account, MySpace account, LinkedIn account, Skype account, Blogger/Blogspot account, Friendster account, or any other page or account created and/or maintained by you on any internet-based social networking or communication site related to Defendants or your allegations in this Lawsuit since June 1, 2019. This request specifically includes any deleted and/or otherwise altered postings in pre- and post-alteration and/or deleted form.

**RESPONSE:**

    **Not applicable**.

## REQUEST FOR PRODUCTION NO. 38:

Provide executed authorizations to release medical and mental health records in the forms required by D.N.M.LR-Civ. 26.3(d) (local forms 1 and 2).

**RESPONSE:**

## REQUEST FOR PRODUCTION NO. 39:

Produce an executed *Authorization for Release of Employment and Educational Records* (attached for your convenience).

**RESPONSE:**

## REQUESTS FOR ADMISSION

## REQUEST FOR ADMISSION NO. 1:

Admit XTO never employed you.

**RESPONSE: ADMITTED**

**<u>REQUEST FOR ADMISSION NO. 2</u>:**

Admit TRC provided contractor services to XTO.

**RESPONSE: ADMITTED**

**<u>REQUEST FOR ADMISSION NO. 3</u>:**

Admit TRC employed you at all times relevant to the Complaint.

**RESPONSE: ADMITTED**

**<u>REQUEST FOR ADMISSION NO. 4</u>:**

Admit XTO never issued a paycheck to you.

**RESPONSE: ADMITTED**

**<u>REQUEST FOR ADMISSION NO. 5</u>:**

Admit you never received a paycheck from XTO.

**RESPONSE: ADMITTED**

# EMPLOYMENT AND EDUCATIONAL RECORDS
# RELEASE AUTHORIZATION

**Name:**               **Travis Glass** _____

**Date of Birth:**      _____

**Social Security No.:** _____

TO WHOM IT MAY CONCERN:

I hereby consent to the release of the following information and items to the law firm of Littler Mendelson, P.C.  The purpose of this consent and release is for discovery and/or evidence in civil litigation.  This authorization shall be effective and valid from this date until the conclusion of said litigation.

      All employment records, without limitation, including a copy of my personnel file, wage records and any disciplinary records.

      All educational records, without limitation, including records relating to my student history and any disciplinary records.

A photocopy or facsimile of this authorization shall be considered as effective and valid as the original.


_____               _____
Date                                                     Travis Glass

20