# EXHIBIT F

Case 1:21-cv-00543-JCH-JHR   Document 43-6   Filed 01/06/23   Page 2 of 14

GLASS vs. XTO ENERGY, et al.                                    Travis W. Glass
1:21-CV-00543 JCH-JHR                                       December 23, 2022

```
                IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF NEW MEXICO

   TRAVIS GLASS,

           Plaintiff,

   vs.                                          1:21-cv-00543 JCH-JHR

   XTO ENERGY, and TOMMIE CRIDDLE,
   individually and as agent of XTO Energy,

           Defendants.




              ORAL DEPOSITION OF TRAVIS W. GLASS (VIA ZOOM)

                       Friday, December 23, 2022
                              9:24 a.m.
                      7113 Cleghorn Road, Northwest
                      Albuquerque, New Mexico 87120



         PURSUANT TO THE FEDERAL RULES OF CIVIL PROCEDURE
   this deposition was:

   TAKEN BY:        KELLI FUQUA, ESQ.
                    ATTORNEY FOR DEFENDANTS

   REPORTED BY:     CHRISTOPHER R. SANCHEZ, CCR (VIA ZOOM)
                    New Mexico CCR No. 217
                    WILLIAMS & ASSOCIATES, LLC
                    317 Commercial St., NE, Suite G-101
                    Albuquerque, New Mexico 87102
                    (505) 843-7789
                    www.williamsnm.com
```

Case 1:21-cv-00543-JCH-JHR   Document 43-6   Filed 01/06/23   Page 3 of 14

Page 2

GLASS vs. XTO ENERGY, et al.
1:21-CV-00543 JCH-JHR

Travis W. Glass
December 23, 2022

```
 1                A P P E A R A N C E S

 2   For the Plaintiff:

 3           VALDEZ & WHITE LAW FIRM, LLC
             Attorneys at Law
 4           124 Wellesley Dr., SE
             Albuquerque, New Mexico 87106
 5           (505) 345-0289
             BY:  TIMOTHY L. WHITE, ESQ. (VIA ZOOM)
 6                tim@valdezwhite.com

 7
     For the Defendants:
 8
             LITTLER MENDELSON, PC
 9           Attorneys at Law
             2425 E. Camelback Rd., Suite 900
10           Phoenix, Arizona 85016
             (602) 474-3600
11           BY:  KELLI FUQUA, ESQ. (VIA ZOOM)
                  kfuqua@littler.com
12                SHAWN OLLER, ESQ. (VIA ZOOM)
                  soller@littler.com
13

14   Also Present via Zoom:

15           JACLYN CAUGHERTY (IN-HOUSE COUNSEL FOR EXXON)
             MINDY WETZEL (LITTLER MENDELSON)
16           EVAN GLASS

17

18

19

20

21

22

23

24

25
```

Case 1:21-cv-00543-JCH-JHR   Document 43-6   Filed 01/06/23   Page 4 of 14

Page 3

GLASS vs. XTO ENERGY, et al.
1:21-CV-00543 JCH-JHR

Travis W. Glass
December 23, 2022

```
 1                      I N D E X
                                                      PAGE
 2  EXAMINATION OF TRAVIS W. GLASS
         By Ms. Fuqua                                    4
 3
    (SIGNATURE NOT REQUESTED)
 4
    CERTIFICATE OF COMPLETION OF DEPOSITION             93
 5
    EXHIBITS                        FORMALLY MARKED/IDENTIFIED
 6
    NO.                                                PAGE
 7
                     (NO EXHIBITS MARKED)
 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

Case 1:21-cv-00543-JCH-JHR   Document 43-6   Filed 01/06/23   Page 5 of 14

Page 40

GLASS vs. XTO ENERGY, et al.
1:21-CV-00543 JCH-JHR

Travis W. Glass
December 23, 2022

1  basically the boss out there over my contractor.

2          Q.   Did Tommie ever tell you that he was employed by
3  XTO?

4          A.   Tommie I don't think ever directly told me he was
5  employed by XTO.

6          Q.   Did anyone else ever tell you that Tommie was
7  employed by XTO?

8          A.   My supervisor said that he's the boss.  We've got
9  to do it his way.  We're working for XTO, so he must be the
10 boss and he must be affiliated with XTO.

11         Q.   Your supervisor said he must be the boss, he must
12 be affiliated with XTO?

13         A.   No.  No, ma'am.  I said my supervisor said he is
14 the boss and we'll do it his way.  So if we're working for XTO,
15 he must be the boss for XTO.

16         Q.   So when you're saying he must be the boss for
17 XTO, that's you speculating based on Tommie's role at the yard;
18 is that right?

19         A.   I guess if you want to put it that way, I'll
20 agree to that.

21         Q.   Well, I'm asking you.  You don't have any
22 personal knowledge of Tommie Criddle being an employee of XTO,
23 correct?

24         A.   I have told you Tommie Criddle is third-party
25 inspection.  XTO hires him to run the job.  That makes him a

Case 1:21-cv-00543-JCH-JHR   Document 43-6   Filed 01/06/23   Page 6 of 14

Page 41

GLASS vs. XTO ENERGY, et al.  
1:21-CV-00543 JCH-JHR

Travis W. Glass  
December 23, 2022

1  boss for XTO.  They are working for XTO.
2       Q.   I'm going to ask you my question and I ask that
3  you listen to it carefully because I don't think you're
4  understanding.  I'm asking you, do you specifically have any
5  personal knowledge that Tommie Criddle was an employee of
6  XTO?
7            MR. WHITE:  Asked and answered.
8       A.   Yes, ma'am.  I understand how the oil patch
9  works.  He is third-party.  XTO contracts him to boss us.  He
10 is working for XTO and he is over me.
11      Q.   (By Ms. Fuqua)  Have you seen a contract
12 between --
13      A.   You are not understanding.
14      Q.   Please let me finish my question.
15      A.   You are not understanding.
16      Q.   Please let me finish my question.  Have you ever
17 seen a contract between Tommie Criddle and XTO?
18      A.   No, ma'am.
19      Q.   And you've never personally seen any sort of
20 paperwork between Tommie Criddle and XTO, correct?
21      A.   No, ma'am.
22           MR. WHITE:  Ms. Fuqua, we've been at this for about
23 an hour-and-a-half.  I could use a few-minutes break when you
24 get to a place that is feasible for that.
25           MS. FUQUA:  We can break now.  That's no problem.

Case 1:21-cv-00543-JCH-JHR   Document 43-6   Filed 01/06/23   Page 7 of 14

Page 42

GLASS vs. XTO ENERGY, et al.                                Travis W. Glass
1:21-CV-00543 JCH-JHR                                    December 23, 2022

```
 1            (A recess was taken from 10:34 to 10:47.)
 2            Q.   (By Ms. Fuqua)   Okay.   Mr. Glass, have you ever
 3   heard of a company called Integrity Inspection Solutions or
 4   Integrity?
 5            A.   I've heard the name.
 6            Q.   You have heard the name?
 7            A.   Yes, ma'am.
 8            Q.   Do you know what that company does?
 9            A.   My understanding is they're an inspection
10   company.
11            Q.   And do you know the name because they've worked
12   on sites that you've worked on before?
13            A.   I don't know where I know the name from.
14            Q.   And do you know if Tommie Criddle was an employee
15   of Integrity Inspection Solutions?
16            A.   I do not know who Tommie worked for on
17   third-party.
18            Q.   Did you ever fill out any sort of paperwork that
19   had XTO logos on it?
20            A.   I do not remember either way.
21            Q.   Did Tommie ever present you with any sort of
22   paperwork that had XTO logos on it?
23            A.   I don't remember.   Our pipe sheets had an XTO
24   logo on them.   I don't remember for sure if we had sheets on
25   the pipe.   I don't know.
```

Case 1:21-cv-00543-JCH-JHR   Document 43-6   Filed 01/06/23   Page 8 of 14

Page 48

GLASS vs. XTO ENERGY, et al.
1:21-CV-00543 JCH-JHR

Travis W. Glass
December 23, 2022

1           Q.   And when you say that she just started alerting
2    one day, what does that mean?
3           A.   If I start to get low, she just kind of goes like
4    she wants to play, once she starts licking.  That's the way I
5    describe it.  She's jumping on me.  And if I'm sitting down,
6    she'll go to licking me all over and bouncing around.  She just
7    gets real excited.
8           Q.   And so when she does that, what do you do?  What
9    is your reaction?
10          A.   Usually I just grab candy and start eating it
11   because I know what she's telling me.  In the beginning, I
12   would grab my monitor and check my blood sugar, and over a
13   period of time she only done this when I was low.
14          Q.   Did you ever take your service dog with you to
15   work for TRC?
16          A.   Yes, ma'am.
17          Q.   Did you take your service dog to the job -- well,
18   where were you working before you began working for TRC?
19          A.   I think I was working for Holloman Construction.
20          Q.   Did you take Little Dog with you to Holloman?
21          A.   Yes, ma'am.
22          Q.   And when you applied -- or when you began working
23   for TRC, did you disclose that you had diabetes?
24          A.   No, ma'am.
25          Q.   Did you ask for permission or seek an

Case 1:21-cv-00543-JCH-JHR   Document 43-6   Filed 01/06/23   Page 9 of 14

Page 49

GLASS vs. XTO ENERGY, et al.
1:21-CV-00543 JCH-JHR

Travis W. Glass
December 23, 2022

1  accommodation to bring Little Dog with you to work for TRC?
2        A.    No, ma'am.
3        Q.    So you just brought her to work with you and that
4  was that?
5        A.    Yes, ma'am.
6        Q.    Did your supervisor ever say anything to you
7  about bringing Little Dog to work?
8        A.    He might have asked me about the dog.  And when I
9  told him -- well, yes.  Let me back up on that.  No.  Excuse
10 me.  That was all after the fact.  He might have said something
11 about the dog and I told him she was a service dog, and that
12 was the end of the conversation the best I remember.
13       Q.    Okay.  And then did you ever tell anyone at XTO
14 that you had diabetes?
15       A.    No.
16       Q.    Did you tell anyone at XTO that you had a
17 disability?
18       A.    No.  Or I say no, not at this point.
19       Q.    Okay.  What do you mean?  You mean that you did
20 at some time?
21       A.    Yes, I did, later on.
22       Q.    When did you tell -- or who did you tell at XTO
23 that you had diabetes or a disability?
24       A.    Tommie Criddle.
25       Q.    Is there anyone else that you believe worked for

Case 1:21-cv-00543-JCH-JHR   Document 43-6   Filed 01/06/23   Page 10 of 14

Page 50

GLASS vs. XTO ENERGY, et al.
1:21-CV-00543 JCH-JHR

Travis W. Glass
December 23, 2022

```
 1  XTO that you told you had diabetes or a disability?
 2          A.   I believe I told the engineer or one of her
 3  people.  I don't remember who it was.
 4          Q.   So did you tell the engineer or did you tell one
 5  of her people?  I'm confused.
 6          A.   I don't remember.  I spoke to one of them.
 7          Q.   Okay.  How do you remember speaking to one of
 8  them if you don't remember who you were you speaking to?
 9          A.   Because I called one of them and told them that I
10  had just been run off over my service dog and they didn't want
11  to hear it.
12          Q.   You don't know who you were speaking to,
13  though?
14          A.   It was the engineer or one of the people that
15  always showed up with her.  Like I said, I don't remember.  One
16  of them gave me a business card, and I don't remember who it
17  was.
18          Q.   One of them had given you what?
19          A.   A business card.
20          Q.   When did they give you a business card?
21          A.   One time when they come out and brought us pizza
22  or burritos or whatever they brought us.
23          Q.   And that was a business card that had their name
24  and said that they were with XTO?
25          A.   Yes, ma'am.
```

Case 1:21-cv-00543-JCH-JHR   Document 43-6   Filed 01/06/23   Page 11 of 14

Page 57

GLASS vs. XTO ENERGY, et al.
1:21-CV-00543 JCH-JHR

Travis W. Glass
December 23, 2022

1  safety violation, he said that's all he'll tell me.  But we
2  both know what this is over.
3       Q.   And is it your understanding that Tommie Criddle
4  made the decision to have you taken off-site?
5       A.   Tommie Criddle is who told us it's -- in my
6  opinion, it was probably somebody higher up.
7       Q.   So you have no personal knowledge of any sort of
8  conversations like that, correct?
9       A.   No, ma'am.
10      Q.   Did TRC have any sort of service animal policy?
11      A.   No, ma'am.  Or not that I'm aware of.
12      Q.   What about XTO?
13      A.   Not that I'm aware of.  I do know about three
14 weeks later -- and it's hearsay -- but all the safety men in
15 the other companies told me there is the letter sent out we
16 will not mess with service dogs anymore.
17      Q.   A letter sent out by whom?
18      A.   XTO.  But that's hearsay.
19      Q.   So you've never seen the letter?
20      A.   No, ma'am.
21      Q.   Who told you that?
22      A.   Another safety man from another company.
23      Q.   What's his name?
24      A.   Marty Alexander.
25      Q.   What company does Marty work for or did work

Case 1:21-cv-00543-JCH-JHR   Document 43-6   Filed 01/06/23   Page 12 of 14

Page 58

GLASS vs. XTO ENERGY, et al.
1:21-CV-00543 JCH-JHR

Travis W. Glass
December 23, 2022

1  for?

2        A.   He was working for Sunland Construction.

3        Q.   Sunland?

4        A.   Yes, ma'am.

5        Q.   Did Integrity have a service dog or service
6  animal policy?

7        A.   I've never dealt with Integrity up through then
8  through Tommie Criddle.

9        Q.   And when you say that you've dealt with him
10 through Tommie Criddle, what do you mean by that?

11       A.   I'm assuming Tommie Criddle works for Integrity
12 because you're asking questions about it.  I don't know who
13 Tommie worked for.

14       Q.   Are you aware of any other employees of TRC that
15 had service animals on-site for XTO?

16       A.   No, ma'am.

17       Q.   And are you aware of any other XTO employees that
18 were allowed to have service animals on-site?

19       A.   No, ma'am.

20       Q.   Did you ever make any complaints or complain to
21 anyone at TRC that you were being discriminated against because
22 of your diabetes?

23       A.   When I called the safety man and told him what
24 was going on under direction from my foreman, I don't know if
25 you would consider that a complaint or what you consider that,

Case 1:21-cv-00543-JCH-JHR   Document 43-6   Filed 01/06/23   Page 13 of 14

Page 62

GLASS vs. XTO ENERGY, et al.                                     Travis W. Glass
1:21-CV-00543 JCH-JHR                                         December 23, 2022

1  one second.  Paragraph 30 says, "If by operation of law or by

2  contract between TRC, XTO, Integrity and/or Cribble," which I

3  think is a typo for Criddle -- "Travis should found to be an

4  employee of XTO or Integrity, as joint employers or as an

5  integrated Enterprise, the corporate defendants are vicariously

6  responsible for the acts of Cribble."  (sic) What is the basis,

7  if any, for asserting that XTO or Integrity are joint employers

8  or Integrated Enterprise of you or Tommie Criddle?

9          MR. WHITE:  Object to form and foundation.

10         Q.  (By Ms. Fuqua)  You can answer if you know.

11         MR. WHITE:  Answer the question.

12         A.  I'm not an attorney.  I don't understand anything

13 that says.  I'm not an attorney.  I don't understand any part

14 of that.

15         Q.  You are not alleging that you were an employee of

16 Integrity, correct?

17         A.  No, ma'am.

18         Q.  And you're not alleging that you were an employee

19 of XTO, correct?

20         A.  I was working for XTO by a third-party.

21         Q.  Meaning you were employed by TRC, and TRC

22 subcontracted with XTO?

23         A.  Yes, ma'am.

24         Q.  As part of the complaint that you've filed, the

25 lawsuit that you've filed, you're seeking some sort of monetary

Case 1:21-cv-00543-JCH-JHR   Document 43-6   Filed 01/06/23   Page 14 of 14

Page 93

GLASS vs. XTO ENERGY, et al.
1:21-CV-00543 JCH-JHR

Travis W. Glass
December 23, 2022

REPORTER'S CERTIFICATE

I, CHRISTOPHER R. SANCHEZ, CCR #217, DO HEREBY CERTIFY that I did, in stenographic shorthand, transcribe the proceedings set forth herein, and the foregoing 93 pages are a true and correct transcription to the best of my ability.

I FURTHER CERTIFY that I am neither employed by nor related to nor contracted with (unless excepted by the rules) any of the parties or attorneys in this matter, and that I have no interest whatsoever in the final disposition of this matter.

_____
Christopher R. Sanchez, CCR
Certified Court Reporter #217
License Expires: 12/31/22