# EXHIBIT B

| From: | Mendoza, Sandra |
| --- | --- |
| To: | tim@valdezwhite.com |
| Cc: | Lamont, Charlotte; Fuqua, Kelli; Guillory, Marlo |
| Subject: | Case No. 1:21-cv-00543; Glass v. XTO Energy, et al. || Discovery Deficiency Letter |
| Date: | Monday, September 12, 2022 3:33:11 PM |
| Attachments: | image001.png |
| | image002.png |
| | 2022-09-12 XTO-GLASS - Discovery Deficiency Letter to Plaintiff.pdf |

Dear Mr. White:

On behalf of Kelli Fuqua, please see attached discovery deficiency letter. If you are unable to open the attached document, please do not hesitate to contact our office.

Thank you.

**Sandra Mendoza**
Legal Secretary
512.982.7256 direct, 816.562.2498 mobile
SMendoza@littler.com



Labor & Employment Law Solutions | Local Everywhere
100 Congress Avenue, Suite 1400, Austin, TX 78701



Littler Mendelson, PC
100 Congress Avenue
Suite 1400
Austin, TX 78701

Kelli C. Fuqua
512.982.7260 direct
512.924.7087 mobile
kfuqua@littler.com

September 12, 2022

**VIA EMAIL TO TIM@VALDEZWHITE.COM**

Timothy L. White
VALDEZ AND WHITE LAW FIRM, LLC
124 Wellesley Dr. SE
Albuquerque, NM 87106

    Re:    *Travis Glass v. XTO Energy and Tommie Criddle* (Case No. 1:21-cv-00543 in the United States District Court for the District of New Mexico) – Plaintiff's Failure to Respond to Discovery Requests

Dear Tim:

    As you know, XTO Energy Inc. (XTO) served its initial interrogatories, requests for production, and requests for admission on Mr. Glass on April 16, 2022. Accordingly, Mr. Glass's responses were due on May 16, 2022. This deadline came and went without Mr. Glass sending any responses. On May 21, 2022, after the May 16 due date, you requested a single extension of the response deadline until June 3, 2022. That date also came and went without Mr. Glass sending any responses. Now, three months later, Mr. Glass has still failed to provide any responses to XTO's discovery requests. We also asked you for Mr. Glass's deposition availability on September 1, 2022, but you have not provided any potential deposition dates.

    It is well established that a party failing to assert objections to a discovery request in a timely and adequate fashion waives the right to bring those objections, even if the objections would have been sustained had they been brought correctly. *Peat, Marwick, Mitchell & Co. v. West,* 748 F.2d 540. 542 (10th Cir.1984); *see also In re Chevron Corp.*, No. CIV. 10-MC-21JH/LFG, 2010 WL 8786279, at *6 (D.N.M. Sept. 1, 2010), objections overruled, No. 10MC21, 2010 WL 8786202 (D.N.M. Sept. 13, 2010) (finding where respondents failed to state any objections to discovery requests, they waived any objections).

    Specifically, Rule 33 governing interrogatories provides, in pertinent part, "[t]he responding party must serve its answers and any objections within 30 days after being served with the interrogatories" (FED. R. CIV. P. 33(b)(2)) and "[a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." FED. R. CIV. P. 33(b)(4). In addition, although not specifically stated in Federal Rule of Civil Procedure 34 governing the production of documents, "a failure to object to requests for production of documents within the time permitted by the federal rules has been held to constitute a waiver of any objection." *Brunson v. McCorkle*,

No. 11CV1018 JCH/LAM, 2013 WL 12333491, at *1 (D.N.M. Jan. 4, 2013) (quoting *Pham v. Hartford Fire Ins. Co.*, 193 F.R.D. 659, 661 (D. Colo. 2000) (citing cases)). Further, a failure to respond to requests for admissions will deem the matters set forth in the requests admitted. FED. R. CIV. P. 36(a)(3). Under these Rules, at this point, Mr. Glass has waived his right to object to any of XTO's discovery requests and XTO's requests for admission are deemed admitted.

Please provide Mr. Glass's responses to XTO's initial discovery requests (without objections), as well as dates on which Mr. Glass is available for a deposition in late September and October no later than September 16, 2022. If we do not receive Mr. Glass's responses and availability on or before this date, XTO will file a motion to compel with the Court and unilaterally notice Plaintiff's deposition for a date convenient to XTO.

XTO also reserves the right to seek sanctions related to Mr. Glass's discovery conduct, particularly in light of the fact that you have represented to us and the Court on multiple occasions that you need discovery to determine whether XTO is even a proper defendant in this suit, yet you have not taken any action in this regard whatsoever.

Thank you for your attention to this matter.

Thank you,

*/s/ Kelli Fuqua*

cc: Charlotte Lamont, firm