IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TRAVIS GLASS,

      Plaintiff,

v.                                                        1:21-cv-00543 JCH-JMR

XTO ENERGY, and TOMMIE CRIDDLE,
individually and as agent of XTO Energy or
as agent or employee of INTEGRITY
INSPECTION SERVICES, LLC and
INTEGRITY INSPECTION SERVICES,

      Defendants.

## SECOND ORDER TO SHOW CAUSE

THIS MATTER is before the Court on plaintiff Travis Glass's Response to Order to Show Cause, filed on April 11, 2023. Doc. 62. On March 21, 2023, the Court issued an Order to Show Cause ordering plaintiff to either effect service on defendant Tommie Criddle, or to provide a written explanation showing good cause why service had not been made. Doc. 59 at 2. In his response to the order to show cause, plaintiff states that defendant Tommie Criddle was served with this lawsuit on May 10, 2021. Doc. 62 at 1.[1]

However, the record indicates that plaintiff filed a Second Amended Complaint for Damages on December 7, 2022. Doc. 40. In general, "[n]o service is required on a party who is in default for failing to appear." FED. R. CIV. P. 5(a)(2).[2] However, "a pleading that asserts a new claim for relief against such a party must be served on that party under Rule 4." *Id*. "The purpose of Rule 5(a)(2) is to ensure that a party, having been served, is able to make an informed

---

[1] Plaintiff attached to his response a declaration from Janet Alroy showing that she served Tommie Criddle with the complaint by mail on May 10, 2021, October 7, 2021, and June 27, 2022. Doc. 62-1 at 29.

[2] *But see* Document 63 calling into question whether Tommie Criddle has failed to appear).

decision not to answer a complaint without fearing additional exposure to liability for claims raised only in subsequent complaints that are never served." *MacIntyre v. JP Morgan Chase, Nat'l Ass'n*, No. 13-CV-1647-WJM-MEH, 2014 WL 128032, at *4 (D. Colo. Jan. 14, 2014) (internal citation, quotation, and alteration omitted). "When new parties, claims, or substantive factual changes are added to an amended complaint, service on the defaulting party is required under Rule 5(a) of the Federal Rules of Civil Procedure." *Portillo v. Smith Commons DC, LLC*, No. CV 20-49-RC, 2021 WL 3287741, at *3 (D.D.C. Aug. 2, 2021).

In the instant case, plaintiff filed his Second Amended Complaint due to "[t]he uncertainty of Mr. Criddle's employer." *See* Doc. 39 at 2. The second amended complaint added new parties and included substantive factual changes. Plaintiff's original complaint alleged that defendant Tommie Criddle was employed by defendant XTO Energy. Doc. 1-1 at ¶ 7.[3] Plaintiff's second amended complaint alleges that defendant Tommie Criddle was employed either by XTO Energy or by Integrity Inspection Services, LLC—a defendant newly added in the second amended complaint. Doc. 40 at ¶ 9. Plaintiff's response to the order to show cause indicates that Mr. Criddle represented that he was an employee of XTO Energy, Doc. 62 and 1, and that he believed XTO Energy would respond to the complaint on his behalf, Doc. 62-1 at 29. However, XTO Energy has not responded to any complaint on Mr. Criddle's behalf.[4] Given these facts, the Court will require plaintiff to serve the Second Amended Complaint (Doc. 40) on

---

[3] Plaintiff's first amended complaint, filed on October 21, 2021, similarly alleged that Tommie Criddle was employed by XTO Energy. Doc. 11 at ¶ 7. It is not clear to the Court if plaintiff served the first amended complaint on Mr. Criddle. *See* Doc. 62.

[4] On April 3, 2023, defendant Integrity Inspection Service, LLC responded to plaintiff's Second Amended Complaint by filing a motion to dismiss. Doc. 60. Integrity Inspection did not enter an appearance on behalf of defendant Tommie Criddle. In addition, plaintiff has agreed to dismiss XTO Energy from this case. Doc. 56.

Mr. Criddle pursuant to Federal Rule of Civil Procedure 5(a)(2).  The Court further requests that plaintiff serve a copy of this order on Mr. Criddle.

    IT IS THEREFORE ORDERED that to avoid dismissal of this action against defendant Tommie Criddle, plaintiff must either effect service of the Second Amended Complaint (Doc. 40) or provide the Court with a written explanation showing good cause why service has not been made, **on or before Tuesday, May 09, 2023.**

                                                _____
                                                Jennifer M. Rozzoni
                                                United States Magistrate Judge