# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

TRAVIS GLASS,

  **Plaintiff,**

v.             **Case No. 1:21-cv-00543-JCH-JMR**

**XTO ENERGY, and TOMMIE CRIDDLE,
individually and as agent of XTO Energy or
as agent or employee of Integrity Inspection
Services, LLC, and INTEGRITY
INSEPCTION SERVICES, LLC,**

  **Defendants.**

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court *sua sponte* to address Plaintiff Travis Glass's failure to serve the Second Amended Complaint (ECF No. 40) on Defendant Tommie Criddle. Because Mr. Glass missed the Magistrate Judge's deadline to serve Mr. Criddle or show good cause for the failure to do so, the Court will dismiss this action without prejudice as to Mr. Criddle.

## I. Background

In his original complaint, Mr. Glass alleged that Mr. Criddle, "in his employment or work for [Defendant XTO Energy]," told Mr. Glass that he could not bring his service dog to work. Compl. ¶ 7 (ECF No. 1-1). Later, on December 7, 2022, Mr. Glass filed a second amended complaint. *See* Second Am. Compl. (ECF No. 40); *see also* Mem. Op. & Order (ECF No. 39) (granting leave to amend). Mr. Glass changed his allegation: Mr. Criddle, "in his employment or work for XTO *or in his employment or work for [Defendant Integrity Inspection Services, LLC]*," told Mr. Glass that he could not bring his service dog to work. ECF No. 40, ¶ 9.

Mr. Glass never served Mr. Criddle with the second amended complaint. On March 21, 2023, the Magistrate Judge ordered Mr. Glass to show cause for his failure to serve Mr. Criddle. *See* Order to Show Cause (ECF No. 59). The Magistrate Judge warned that showing cause was necessary "to avoid dismissal of this action against defendant Tommie Criddle." *See id.* at 2. On April 11, 2023, Mr. Glass responded, noting that he had served Mr. Criddle on May 10, 2021, on October 7, 2021, and on June 27, 2022. *See* Decl. of Janet Alroy ¶ 2 (ECF No. 62-1, at 29). Mr. Glass also stated that "I spoke to Mr. Criddle on or about [June 24, 2022,] about this and he advised that he had received the complaint but believed that his former employer or XTO Energy, Inc. would respond to the complaint for him." *Id.* ¶ 3.

This response was insufficient. The dates on which Mr. Glass served Mr. Criddle all preceded the date of the second amended complaint. Said otherwise, Mr. Glass did not explain why he did not serve Mr. Criddle with the second amended complaint. So, on April 18, 2023, the Magistrate Judge entered a second order to show cause. *See* Second Order to Show Cause (ECF No. 67). Once again, the Magistrate Judge warned that "to avoid dismissal of this action against defendant Tommie Criddle, plaintiff must either effect service of the Second Amended Complaint (Doc. 40) or provide the Court with a written explanation showing good cause why service has not been made, on or before Tuesday, May 09, 2023." *Id.* at 3.

Mr. Glass responded on May 9, 2023. *See* Resp. to Second Order (ECF No. 71). He stated that he tried to serve Mr. Criddle via certified mail, that the envelope with the summons and second amended complaint was returned as undeliverable, and that he would serve Mr. Criddle in person. *See id.* at 1-2. The Magistrate Judge again found this response to be insufficient. *See* Order Setting Hr'g (ECF No. 72). So the Magistrate Judge set a hearing for May 18, 2023. *Id.* at 2. The

Magistrate Judge ordered Mr. Glass to be prepared to address whether he personally served Mr. Criddle with the second amended complaint. *Id.* at 1.

At the hearing on May 18, 2023, Mr. Glass said that he discovered a new address for Mr. Criddle and that he mailed the second amended complaint to the new address. *See* Clerk's Mins. ¶ 2 (ECF No. 73). He added that if service by mail did not succeed within the week, he would then hire a private investigator. *See id.* The Magistrate Judge ordered Mr. Glass to serve Mr. Criddle by June 9, 2023, or show good cause and document steps taken to get a further extension. *See id.*¶ 5; Order (ECF No. 74).

June 9, 2023, has come and gone. Mr. Glass has not shown that he served Mr. Criddle. Nor has he shown good cause and documented steps taken.

## II.     Analysis

### A.     Dismissal Would Be Warranted Under Rule 5(a)(2)

First consider the outcome if Mr. Criddle had *not* already appeared in this lawsuit. (That is, set aside the Court's previous ruling that Mr. Criddle has appeared in this lawsuit, even though he never answered the original complaint. *See* Order (ECF No. 63) The Court will return to the effect of his appearance below). If that was so, then Federal Rule of Civil Procedure 5(a)(2) would control. That rule states that a party who is in default for failing to appear generally has no right to service of future pleadings. But the rule has an exception: "a pleading that asserts a new claim for relief against such a party must be served on that party under Rule 4." Fed. R. Civ. P. 5(a)(2).

As the Magistrate Judge thoughtfully explained, "The purpose of Rule 5(a)(2) is to ensure that a party, having been served, is able to make an informed decision not to answer a complaint without fearing additional exposure to liability for claims raised only in subsequent complaints that are never served." ECF No. 67 (quoting *MacIntyre v. JP Morgan Chase, Nat'l Ass'n*, No. 13-

cv-01647, 2014 WL 128032, at *4 (D. Colo. Jan. 14, 2014)). "When new parties, claims, or substantive factual changes are added to an amended complaint, service on the defaulting party is required under Rule 5(a) of the Federal Rules of Civil Procedure." *Portillo v. Smith Commons DC, LLC*, No. 20-cv-00049, 2021 WL 3287741, at *3 (D.D.C. Aug. 2, 2021).

The second amended complaint involves a substantive factual change. In particular, the second amended complaint identifies Integrity as Mr. Criddle's possible employer. This change may affect Mr. Criddle's defense strategy (or lack thereof). Recall that Mr. Criddle told Mr. Glass that he would not answer the original complaint because he thought XTO would do so for him. *See* ECF No. 62-1, at 29. In fact, the uncertainty of Mr. Criddle's employer and the possibility that it was Integrity might surprise Mr. Criddle. *See* Pff.'s Reply 2 n.1 (ECF No. 29) (noting that Mr. Criddle identified himself as an XTO employee on LinkedIn). And if Mr. Criddle were to learn that his employer's identity was unknown, or that Integrity was his employer, then he might respond differently. Rule 5(a)(2)'s demand for service thus protects Mr. Criddle's ability to "make an informed decision" about whether to answer the second amended complaint given its new factual allegations. *MacIntyre*, 2014 WL 128032, at *4.

And when Rule 5(a)(2) requires service, it references Rule 4. That rule, in turn, provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Mr. Glass has not served the second amended complaint on Mr. Criddle within 90 days. And following both the Magistrate Judge's warning that Mr. Glass risked dismissal of this action against Mr. Criddle, *see* ECF No. 67, at 3, and the Magistrate Judge's finding that Mr. Glass had not shown good cause

for his delay, *see* ECF No. 72, at 1, Mr. Glass missed the Magistrate Judge's extended deadline of June 9, 2023.

If Mr. Glass had not yet appeared, therefore, then the Court would dismiss this action against Mr. Criddle without prejudice.

**B.      Dismissal Is Warranted Under Rule 5(a)(1)(B)**

The above analysis addresses what would happen if Mr. Criddle had *not* appeared. But the Court already held that Mr. Criddle appeared. To summarize, this holding rests on Mr. Criddle's revealed intent to defend this lawsuit. Mr. Criddle told Mr. Glass that "his former employer or XTO Energy, Inc. would respond to the complaint for him." ECF No. 63, at 2 (citing ECF No. 62-1, at 29). Still, Mr. Criddle's appearance does not change the result here: dismissal of this action against Mr. Criddle without prejudice.

Federal Rule of Civil Procedure 5(a)(1)(B) requires "a pleading filed after the original complaint" to be served on every party. This rule, therefore, obligated Mr. Glass to serve Mr. Criddle with the second amended complaint. He did not do so.

To be sure, Rule 5's text does not provide a sanction for a failure to serve. *See* Fed. R. Civ. P. 5; *see also* 4B Adam N. Steinman, *Federal Practice and Procedure (Wright & Miller)* § 1143, Westlaw (database updated Apr. 2023) ("The consequences of a failure to serve as required by Rule 5 depend on the nature of the paper involved and . . . it is difficult to generalize." (footnote omitted)). Still, courts have recognized that dismissal may be appropriate. *See, e.g.*, *Williams v. Clark Cnty.*, 138 F. App'x 6, 7 (9th Cir. 2005) (affirming dismissal where litigant failed to comply with Rule 5 and district court's orders directing him to do so).

Dismissal is appropriate here, albeit without prejudice. Without the second amended complaint, Mr. Criddle cannot make an informed decision about whether to continue to not

respond and (mistakenly) rely on XTO's defense, pivot to reliance on Integrity, or secure his own counsel. Thus, the principle behind serving a non-appearing defendant—that is, guaranteeing that defendants make informed decisions about whether and how to respond—applies here too.

Finally—and to the extent that such an analysis is necessary—criteria that district courts weigh when considering a dismissal *with* prejudice counsel a dismissal *without* prejudice here. The Tenth Circuit identifies five factors:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant, . . . ; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance, . . . ; and (5) the efficacy of lesser sanctions.

*Xyngular v. Schenkel*, 890 F.3d 868, 873 (10th Cir. 2018) (alterations in original) (quoting *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992)).

First, the Court cannot be certain of any *actual* prejudice to Mr. Criddle. Still, Mr. Criddle could have conceivably changed his decision not to respond if he knew the contents of the second amended complaint.

Second, Mr. Glass's delay has interfered with the judicial process. The Magistrate Judge has needed to enter three orders to prompt service. *See* ECF Nos. 59, 67, 74.

Third, the Court does not think that Mr. Glass acted willfully or in bad faith. That said, Mr. Glass told the Magistrate Judge on May 9, 2023, that he would attempt to serve Mr. Criddle in person. *See* ECF No. 71, at 2. On May 18, 2023, Mr. Glass reiterated his plan to serve Mr. Criddle in person by hiring a private investigator if doing so was necessary "within [a] week." *See* ECF No. 73, at 1. Despite these statements, however, Mr. Glass missed the Magistrate Judge's extended show-cause deadline of June 9, 2023. Thus, Mr. Glass has not acted diligently.

Fourth, the Magistrate Judge has at least twice warned Mr. Glass about the potential for dismissal. *See* ECF No. 59, at 2; ECF No. 67, at 3.

Fifth, lesser sanctions will not give Mr. Criddle knowledge of the new, substantive factual allegations in the second amended complaint. And to reiterate, the Court is only dismissing this action against Mr. Criddle *without* prejudice—a far lesser sanction than dismissal *with* prejudice.

At bottom, the Court is imposing no greater of a sanction for Mr. Glass's Rule 5(a)(1)(B) violation than it would for a Rule 5(a)(2) violation.

### III.   Conclusion

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that this action against Defendant Tommie Criddle is **DISMISSED WITHOUT PREJUDICE**.

_____
SENIOR UNITED STATES DISTRICT JUDGE